# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Southern District of New York

| | |
|---|---|
| Yuga Labs, Inc. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:22-cv-04355-JFW-JEM (C.D. Cal.) |
| Ryder Ripps and Jeremy Cahen | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           James Fallon

_____
*(Name of person to whom this subpoena is directed)*

✓ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: documents and/or electronically stored information constituting, referring to, or evidencing marketing for the Bored Ape Yacht Club ("BAYC"), confusion between any BAYC NFT and any other NFT, and/or the circumstances under which you came to own BAYC NFT #599 and any other BAYC NFT.

| Place: 250 Greenwhich St. 45 Floor<br>New York, NY 10007<br>Or a location to be mutually agreed upon by the parties | Date and Time:<br><br>03/07/2023 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   02/24/2023

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Louis W. Tompros |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Mr. Ripps and Mr. Cahen _____, who issues or requests this subpoena, are:

Louis W. Tompros, Wilmer Cutler Pickering Hale & Dorr LLP, 60 State Street, Boston, MA 02109, Louis.Tompros@wilmerhale.com, 617-526-6886

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:22-cv-04355-JFW-JEM (C.D. Cal.)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

ERIC BALL (CSB No. 241327)
eball@fenwick.com
KIMBERLY CULP (CSB No. 238839)
kculp@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Fax: 650.938.5200

ANTHONY M. FARES (CSB No. 318065)
afares@fenwick.com
ETHAN M. THOMAS (CSB No. 338062)
ethomas@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Fax: 415.281.1350

*Attorneys for Yuga Labs, Inc.*

Louis W. Tompros (*pro hac vice*)
louis.tompros@wilmerhale.com
Monica Grewal (*pro hac vice*)
monica.grewal@wilmerhale.com
Scott W. Bertulli (*pro hac vice*)
scott.bertulli@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Fax: (617) 526-5000

Henry Nikogosyan (SBN 326277)
henry.nikogosyan@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Fax: (213) 443-5400

*Attorneys for Defendants*
*Ryder Ripps and Jeremy Cahen*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Yuga Labs, Inc., | Case No.: 2:22-cv-4355-JFW-JEM |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **STIPULATION AND PROTECTIVE ORDER** |
| Ryder Ripps, Jeremy Cahen, Does 1-10, | District Judge: Honorable John F. Walter |
| Defendants. | Magistrate Judge: Honorable John E. McDermott |

Pursuant to Federal Rule of Evidence 26(c) and to facilitate the production and receipt of information in discovery in this action, Plaintiff Yuga Labs, Inc. ("Plaintiff" or "Yuga Labs") and Defendants Ryder Ripps and Jeremy Cahen (collectively, "Defendants") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secret, proprietary, and other confidential research, development, financial, business, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein, the parties hereby stipulate to the following terms:

**1.     PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 and Section 9 of the Court's Standing Order (Dkt. 14) set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

///

///

## 2. GOOD CAUSE STATEMENT

Counsel for the Parties to this Action have reviewed *Edwards v. County of Los Angeles*, 2009 WL 4707996 (C.D. Cal 2009) and have tailored this Stipulated Protective Order to comply with the Court's guidance in that order. Specifically, the Parties have set forth below good cause for this Stipulated Protective Order, ensured that materials subject to the Stipulated Protective Order are "described in a meaningful fashion" in this section (*see also infra* Section 6.1), and ensured that the provisions regarding sealing comply with Local Rule 79-5.1 (*see infra* Section 14.3).

This action is likely to involve trade secrets, pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information; sensitive personal information; and information protected by Nonparties' right of privacy under California law. Special protection from public disclosure or disclosure to competitors, and from use for any purpose other than prosecution of this action, is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The parties stipulate that disclosure of this information would cause competitive harm to the parties. For example, the parties believe that competitors will gain an unfair advantage if they learn the parties' Protected Material, such as financial information, accounting information, customer lists, vendor lists, costs or profits structure, sales information, product lines, business and marketing strategy or information about operations. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

FENWICK & WEST LLP
ATTORNEYS AT LAW

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

3.1.  <u>Action</u>:  This pending federal lawsuit, *Yuga Labs, Inc. v. Ryder Ripps et al.*, Civil Action Case No. 2:22-cv-04355-JFW-JEM.

3.2.  <u>Challenging Party</u>:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.  <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.  <u>Counsel</u>:  Outside Counsel and In-House Counsel (as well as their support staff).

3.5.  <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6.  <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter, including documents, data and information, answers to interrogatories, answers to deposition

FENWICK & WEST LLP
ATTORNEYS AT LAW

questions, responses to requests for admission, affidavits, expert reports, any information copied or extracted or derived therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings.

3.7.    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action; (2) is not currently employed by or conducting business with a Party; (3) at the time of retention, is not anticipated to become an employee or conducting business with a Party or a Party's competitor; and (4) who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A).

3.8.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means. It includes, without limitation, (1) highly sensitive settlement and/or licensing agreements (including drafts thereof) that are subject to a third-party confidentiality agreement requiring Highly Confidential – Attorneys' Eyes Only designation; (2) highly sensitive corporate strategy data; (3) highly sensitive product information containing information not available to competitors or the public concerning present products, anticipated products or products in development; (4) pending but unpublished patent applications; (5) customers' and agents' identities and personal information; and (6) other highly confidential technical, research and development, and financial information.

3.9.    In-House Counsel:  Attorneys who are employees of a party to this Action (as well as their support staff). In-House Counsel does not include Outside Counsel or any other outside counsel.

FENWICK & WEST LLP
ATTORNEYS AT LAW

3.10.  <u>Nonparty</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.  <u>Outside Counsel</u>:  Attorneys and their support staff who are not employees of a party to this Action and who (i) are retained to represent or advise a party to this Action and have appeared in this Action on behalf of such party or (ii) are employed by, or a partner of, a law firm that is retained to represent or advise a party regarding this action and  which has appeared on behalf of that party.

3.12.  <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel (and their support staffs).

3.13.  <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14.  <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing and reviewing discovery material in the capacity of an "e-discovery" vendor, exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15.  <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16.  <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

FENWICK & WEST LLP
ATTORNEYS AT LAW

However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including information that has become part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party or Producing Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material,

documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.    Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (see, e.g., Sections 6.3(a) and 6.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

6.3.    Designation in conformity with this Stipulated Protective Order requires the following:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied

and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For transcripts of depositions or other pretrial or trial proceedings, that the original and all copies of any transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the court reporter at the request of any party. This request may be made orally during the proceeding or in writing within thirty (30) days of receipt of the transcript of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

Transcripts containing Protected Material shall have an obvious legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material. If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c)     For information produced in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Material in the load file.

FENWICK & WEST LLP
ATTORNEYS AT LAW

(d)     For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.4.    <u>Inadvertent Failure to Designate</u>.

A failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Stipulated Protective Order and promptly collect any copies of the material that have been provided to individuals other than those authorized under Paragraph 9 of this Order. The Designating Party may also request the individuals to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1.    <u>Timing of Challenges</u>.  Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 *et seq.*

7.3.    <u>Burden of Persuasion</u>.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

FENWICK & WEST LLP
ATTORNEYS AT LAW

Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.  ACCESS TO AND USE OF PROTECTED MATERIALS

8.1.   <u>Basic Principles</u>.

Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action, namely in court or discovery proceedings in this Action.  Protected Material may not be used in connection with any other dispute between the parties.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)     The Receiving Party, which, in the case of Plaintiff, includes its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this Action;

FENWICK & WEST LLP
ATTORNEYS AT LAW

(c)     Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound," Exhibit A, and (3) as to whom the procedures set forth in Section 8.4, below, have been followed;

(d)     The Court and its personnel;

(e)     Court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)     Professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     During their depositions or in court proceedings, witnesses, and attorneys for witnesses, in the Action provided that: (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, (2) such documents or information were produced by or obtained from such persons or their employee, or (3) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

FENWICK & WEST LLP
ATTORNEYS AT LAW

(j)      Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b)      The Receiving Party's In-House Counsel, to whom disclosure is reasonably necessary for this Action.

(c)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound," Exhibit A, and (3) as to whom the procedures set forth in Section 8.4, below, have been followed;

(d)      The Court and its personnel;

(e)      Court reporters and their staff, including stenographic, videographic, and clerical personnel;

(f)      Professional jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)      Professional Vendors to whom disclosure is reasonably necessary for this Action who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(h)      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

13

(i)     During their depositions or in court proceedings, witnesses in this action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, (2) such documents or information were produced by or obtained from such persons or their employee, or (3) to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designated Party or ordered by the court; and

(j)     Any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions.

8.4     <u>Procedures for Disclosure of Protected Material to Experts</u>.

Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any Protected Material first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary United States residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current United States employer(s); and (4) attaches the Expert's signed "Acknowledgment and Agreement to be Bound" (Exhibit A).

**9.     EXPERT COMMUNICATIONS**

A Party's Expert is not required to disclose or produce, and the Parties shall not conduct discovery concerning or seek to introduce evidence of: (1) communications between the Parties' Counsel and the Expert, or (2) drafts of Expert declarations or reports.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party or its Expert is served with a discovery request, subpoena, or a court order from another litigation that compels disclosure of any information or

items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party or Expert must:

(a)     Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party or Expert served with the discovery request, subpoena, or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party or Expert has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1.   Application.

(a)     The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated

FENWICK & WEST LLP
ATTORNEYS AT LAW

Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)     Both Parties shall be treated as a Receiving Party with respect to any information produced by a Nonparty in this action.

11.2.  <u>Notification</u>.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the Nonparty, if requested.

11.3.  <u>Conditions of Production</u>.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

## 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as set forth in this Stipulated Protective Order. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or error. Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovery of such information. Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies

of such documents from electronic records and to destroy all paper copies. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a party becomes aware that it has received documents that are clearly privileged, the party receiving the privileged documents will promptly notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within ten (10) business days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this ten (10) business day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

**14.      MISCELLANEOUS**

14.1.  <u>Right to Further Relief</u>.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2.  <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any

FENWICK & WEST LLP
ATTORNEYS AT LAW

information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

14.3. <u>Filing Protected Material</u>.

A Party that seeks to file any Protected Material must comply with L.R. 79-5.2.2(b) ("Documents Designated by Another as Confidential Pursuant to a Protective Order"),  A Party that seeks to make any filing under seal must comply with Local Rule 79-5 and Section 9 of the Court's Standing Order (Dkt. 14). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

14.4. <u>Use of a Party's Own Protected Material</u>.

Nothing in this Stipulation and Protective Order restricts in any way a Party's use or disclosure of its own Protected Material.

14.5. <u>No Presumption as to Confidentiality</u>.

The fact that information is marked with a confidentiality designation under the Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential, proprietary, or a trade secret. The fact that any information is disclosed used, or produced in this action with a confidentiality designation shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

14.6. <u>No Modification of Existing Rights</u>.

This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Material.

FENWICK & WEST LLP
ATTORNEYS AT LAW

## 15.    FINAL DISPOSITION

Within sixty (60) days after the latest of any final disposition, as defined in Section 5, above, of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. To the extent it is not reasonably possible to destroy or return certain Protected Material in the possession of a Receiving Party—such as information that may reside on Parties' and Counsel's respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible—such Receiving Party agrees to maintain the confidentiality of such Protected Material and shall provide a written certification to that effect.

Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside on their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. Counsel are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports, and associated exhibits, attorney work product, and consultant and expert work product, even if such materials contain Protected

FENWICK & WEST LLP
ATTORNEYS AT LAW

1 Material. Any such archival copies that contain or constitute Protected Material
2 remain subject to this Stipulated Protective Order as set forth in Section 5, above.

3 **16. VIOLATION**

4     Any violation of this Stipulated Order may be punished by any and all
5 measures including, without limitation, contempt proceedings, default judgment,
6 and/or monetary sanctions of at least $10,000 for each violation against both the
7 Parties and Counsel.

8     IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10 By: */s/ Eric Ball*             By: */s/ Louis W. Tompros*

11 ERIC BALL (CSB No. 241327)      Louis W. Tompros (pro hac vice)
eball@fenwick.com                 louis.tompros@wilmerhale.com
12 KIMBERLY CULP (CSB No. 238839)   Monica Grewal (pro hac vice)
13 kculp@fenwick.com               monica.grewal@wilmerhale.com
FENWICK & WEST LLP          Scott W. Bertulli (pro hac vice)
14 801 California Street              scott.bertulli@wilmerhale.com
Mountain View, CA 94041       WILMER CUTLER PICKERING
15 Telephone: 650.988.8500        HALE AND DORR LLP
16 Fax: 650.938.5200                60 State Street
                                     Boston, MA 02109
17 ANTHONY M. FARES (CSB No.     Telephone: (617) 526-6000
318065)                            Fax: (617) 526-5000
18 afares@fenwick.com
19 ETHAN M. THOMAS (CSB No. 338062)   Henry Nikogosyan (SBN 326277)
ethomas@fenwick.com         henry.nikogosyan@wilmerhale.com
20 FENWICK & WEST LLP          WILMER CUTLER PICKERING
555 California Street, 12th Floor     HALE AND DORR LLP
21 San Francisco, CA 94104        350 South Grand Ave., Suite 2400
22 Telephone: 415.875.2300        Los Angeles, CA 90071
Fax: 415.281.1350            Telephone: (213) 443-5300
23                                        Fax: (213) 443-5400
*Attorneys for Yuga Labs, Inc.*
24
                                     *Attorneys for Defendants*
25                                      *Ryder Ripps and Jeremy Cahen*

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

# ATTESTATION OF CONCURRENCE IN FILING

Pursuant to the United States District Court for the Central District of California's Civil L.R. 5-4.3.4(a)(2)(i), Eric Ball attests that concurrence in the filing of this document has been obtained from Louis Tompros.

Dated:  October 7, 2022

*/s/ Eric Ball*
Eric Ball

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  10/11/22

Honorable John E. McDermott
United States Magistrate Judge

22

FENWICK & WEST LLP
ATTORNEYS AT LAW

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, [full name], of [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Yuga Labs, Inc. v. Ryder Ripps et al.*, Civil Action Case No. 2:22-cv-04355-JFW-JEM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint [full name] of [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____